```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
           FLORENCE DIVISION
```

| | |
|---|---|
| Ricky Galloway and Cynthia Galloway, | C/A No. 4:18-cv-03585-DCC |
| Plaintiffs, | |
| v. | |
| Southern States Cooperative Incorporated; Corey Davis, | **OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon Plaintiffs' Motion to Remand, ECF No. 14, and Defendants' Motion to Strike Plaintiffs' Amended Complaint, ECF No. 15. The Motions have been fully briefed and are ripe for review.

I.  **Procedural and Factual History**

This is a negligence action for injuries sustained by Plaintiffs—citizens of South Carolina—related to damage of their cotton crop as a result of alleged improper fertilization by Defendants. This case began in the Court of Common Pleas for the County of Darlington, South Carolina when Plaintiffs filed a Summons and Complaint naming Southern States Cooperative, Incorporated ("Southern States")[1] and Jimmy Hudson as Defendants. ECF No. 1-1. The Complaint alleges that Defendant Hudson was the manager of Defendant Southern States' Darlington County location. ECF No. 1-1 at 3. Defendants filed a Notice of Removal, contending that Defendant Hudson—a South Carolina citizen—was fraudulently joined as a Defendant. ECF No. 1. Defendants

---

[1] Defendant Southern States is a Virginia corporation with its principal place of business in Virginia.

1

attached an Affidavit of Defendant Hudson, in which he states that he is a "regional manager" for Defendant Southern States and that did not have any role in spreading the fertilizer on Plaintiffs' crops. ECF No. 1-2. Additionally, Defendant Hudson's states that he had no role in calibrating the spreading equipment; maintaining the spreading equipment; operating the spreading equipment; monitoring the spreading equipment; supervising employees in the calibration, maintenance, or use of the spreading equipment; or hiring, training, or supervising any employees involved in the operation of spreading equipment. *Id.* at 1–2.

Following removal, Defendant Hudson filed a Motion to Dismiss, and Defendant Southern States filed an Answer. ECF Nos. 5, 7. In response, Plaintiffs filed an Amended Complaint, replacing Defendant Hudson with Defendant Corey Davis. ECF No. 10. The Amended Complaint states that Defendant Davis was the manager of Defendant Southern States' Darlington County location. *Id.* The Amended Complaint alleges a cause of action for negligence, including but not limited to the following acts or omissions: (a) failing to properly calibrate the spreading equipment; (b) failing to properly maintain the spreading equipment; (c) failing to properly operate the spreading equipment; (d) failing to properly monitor the spreading equipment; (e) failing to properly supervise employees in the calibration and maintenance and use of the spreading equipment; (f) hiring an operator that lacked the necessary training, expertise, equipment, and understanding with regard to the operation of the spreading equipment; and (g) failing to exercise the degree of care which a reasonable and prudent farm supply and spreader service would have exercised under the same or similar circumstances. *Id.*

Thereafter, Plaintiffs filed a Motion to Remand, and Defendants filed a Motion to Strike Plaintiffs' Amended Complaint. ECF Nos. 14, 15. The parties filed Responses in Opposition, and the Motions are fully briefed and ripe for review. ECF Nos. 16, 17.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F. 3d 347, 352 (1998). The right to remove a case to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The fraudulent joinder doctrine will permit a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "To establish fraudulent joinder, the removing party must show either: (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Toney v. LaSalle Bank Nat. Ass'n*, 36 F. Supp. 3d 657, 663 (D.S.C. 2014) (citing *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006)). "The second means for establishing fraudulent joinder is even more

favorable to a plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* (citing *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). "A plaintiff does not have to show he will prevail against the defendant." *Id.* "He must only show that he has a slight possibility of succeeding." *Id.* (citing *Hartley*, 187 F.3d at 426). If the plaintiff can show this glimmer of hope, the defendant is properly joined." *Id.* Indeed, "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

III. **Analysis**

Initially, the Court must determine whether to evaluate the Motion to Remand in the context of the initial state-court Complaint or the Amended Complaint. To do so requires resolution of Defendants' Motion to Strike, because permitting the joinder of Defendant Davis essentially equates to rejecting Defendants' fraudulent joinder argument.

"When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999) (quoting 28 U.S.C. § 1447(e)). "These are *the only two options* for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits

4

a nondiverse defendant to be joined in the case." *Id.* at 462 (emphasis added). "[T]he actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court . . . ." *Id.* (citations omitted). In exercising this discretion, "the district court [is] entitled to consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Id.* (quoting *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998)).

Here, the Court concludes that permitting joinder of Defendant Davis is an appropriate exercise of discretion in line with the caselaw governing fraudulent joinder. In the initial Complaint, Plaintiffs attempted to name the manager of Defendant Southern States' Darlington County location. Plaintiff Ricky Galloway has filed an Affidavit stating he "assumed that Jimmy Hudson was the store manager at the Southern States Darlington location as he resides in Darlington, has an office at that location and once the spreading issue arose, he personally inspected the crop with me."[2] ECF No. 16-1 at 1. However, Plaintiff Ricky Galloway also stated that he "primarily dealt with Corey Davis in

---

[2] The Court recognizes that Plaintiff Ricky Galloway's Affidavit was filed in response to Defendants' Motion to Strike. It nonetheless bears on the fraudulent joinder inquiry and is appropriate to consider in light of the procedural posture of this case, as the Fourth Circuit Court of Appeals has held that "[i]n order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations in the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

the normal course of business and thought he was the assistant manager." *Id.* Therefore, the Court concludes that Plaintiffs have not been dilatory in naming Defendant Davis.

It is here that the issues in the Motion to Strike and Motion to Remand dovetail. The Court must determine whether the purpose of joining Defendant Davis is to defeat federal jurisdiction. Having reviewed the Amended Complaint, the Court concludes that Defendants have not met their burden of proving fraudulent joinder. While the Amended Complaint could more directly address the duties owed to Plaintiffs by Defendant Davis, the Court concludes that there is at least a slight possibility Plaintiffs can succeed on a claim against Defendant Davis in state court. Notably, the Amended Complaint alleges that Defendants failed to supervise employees and negligently hired and trained employees. Additionally, the Amended Complaint alleges that Defendants failed to calibrate, operate, maintain, and monitor the spreading equipment. This is sufficient to demonstrate at least a "glimmer of hope" that Plaintiffs will succeed on their cause of action against Defendant Davis. *See Toney*, 36 F. Supp. 3d at 663.

## IV. Conclusion

For the foregoing reasons, Defendants have not demonstrated that this Court has subject matter jurisdiction over this case. Therefore, Plaintiffs' Motion to Remand, ECF No. 14, is GRANTED, and Defendants' Motion to Strike, ECF No. 15, is DENIED.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 19, 2019
Spartanburg, South Carolina